```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                        :
CARLOS VALLEJO,                         :
                                        :
        Plaintiff,                      :   Civ. No. 13-5455(NLH)
                                        :
    v.                                  :   OPINION
                                        :
UNITED STATES OF AMERICA, et al.,       :
                                        :
        Defendants.                     :
_____:

APPEARANCES:
Carlos Vallejo, #41351-050
USP Canaan
P.O. Box 300
Waymart, PA 18472
    Plaintiff, pro se

HILLMAN, District Judge

   Plaintiff Carlos Vallejo, a prisoner confined at the United States Penitentiary Canaan in Waymart, Pennsylvania, seeks to bring this action in forma pauperis pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671, et seq., alleging tort claims and violations of his constitutional rights when agents of the Drug Enforcement Administration seized his property during Plaintiff's arrest on January 25, 2007.

   On March 31, 2015, Plaintiff's application to proceed in forma pauperis was conditionally granted subject to the condition that Plaintiff must submit to the Court a certified

six-month institutional account statement, signed by an appropriate institutional official. (ECF No. 4).  On April 15, 2015, Plaintiff submitted the required documentation and satisfied the conditions. (ECF No. 5).  Accordingly, he is granted in forma pauperis status and the Court will now conduct its sua sponte screening.

For the reasons set forth below, the Complaint will be DISMISSED without prejudice.

## I.   BACKGROUND

Plaintiff was arrested on January 25, 2007 by Drug Enforcement Administration ("DEA") Special Agents and was subsequently indicted for conspiracy to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base in violation of 21 U.S.C. § 846; as well as two substantive counts of possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841.[1]

---

[1] On October 23, 2007, following the guilty pleas of several codefendants, Plaintiff was charged in a Superseding Indictment with conspiracy to distribute cocaine and cocaine base, knowingly and intentionally distributing and possessing with intent to distribute cocaine and cocaine base, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and in violation of 21 U.S.C. § 846.  On December 14, 2007, a jury convicted Plaintiff of all counts.  Due to Plaintiff's two prior drug distribution convictions, an Enhanced Penalty Information was filed and Plaintiff was sentenced to mandatory life imprisonment on October 15, 2008. See United States v. Vallejo, Crim. No. 07-145 (NLH)(D.N.J.).

2

Plaintiff asserts that, during this arrest, special agents seized $160,000 in United States currency and two Harley Davidson motorcycles, which Plaintiff states are valued at approximately $20,000.  Plaintiff contends that seizure of this property violated his rights under the Fourth and Fifth Amendments of the Constitution.

Plaintiff previously brought this issue before the Court in conjunction with his underlying criminal matter in the form of a Motion to Set Aside a Civil Forfeiture Pursuant to 18 U.S.C. § 983(e)(5). United States v. Vallejo, Crim. No. 07-145, ECF Nos. 198, 199.  In an Order dated July 25, 2013, the Court denied Plaintiff's motion on the basis that, at that time, there was no case or controversy before the Court regarding the items forfeited.  The Court noted that, based on the documents submitted by the Government in opposition to Vallejo's motion, the items were forfeited under an administrative action which bears an Administrative Case Number CX-5-009. United States v. Vallejo, Crim. No. 07-145 (D.N.J. Sept. 4, 2013) ECF No. 203 at n.1.

This Court further noted that Plaintiff could pursue his claims in a separate civil action but that he "may have the option of, or be required to, contest the forfeiture administratively prior to the filing of his civil complaint in the United States District Court." Id., ECF No. 203 at n.2.

3

Plaintiff attaches a copy of this Order to his Complaint. (Compl. 7-9, ECF No. 1).

On September 8, 2013, Plaintiff filed the instant Complaint. He seeks return of $160,000 in U.S. currency as well as the value ($20,000) of the two Harley Davidson motorcycles.

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir.2012) (per curiam)

4

(discussing 42 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).  That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), as clarified by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6), and hence, also under the PLRA screening provisions).

See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994).

Finally, pro se pleadings will be liberally construed. Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted); see also Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n. 2 (3d Cir. 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. DISCUSSION

Plaintiff has asserted causes of action under both Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671, et seq. ("FTCA"). (Compl. 2, ECF No. 1).

6

   A. <u>CLAIMS UNDER BIVENS</u>

Plaintiff's claims pursuant to <u>Bivens</u> must be dismissed as time-barred. See <u>McPherson v. United States</u>, 392 F. App'x 938, 943 (3d Cir. 2010) (holding that when a statute-of-limitations defense is apparent from the face of the complaint, a court may <u>sua sponte</u> dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A); <u>see also</u> <u>Smith-Harper v. Thurlow</u>, No. 15-1254, 2015 WL 3401419, at *3 (D.N.J. May 26, 2015).

Like civil rights claims brought pursuant to 42 U.S.C. § 1983, the statute of limitations for <u>Bivens</u> claims is taken from the forum state's personal injury statute. <u>Hughes v. Knieblher</u>, 341 F. App'x 749, 752 (3d Cir. 2009); <u>see also</u> <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 190 (3d Cir. 1993); <u>Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers</u>, 855 F.2d 1080, 1087 n. 3 (3d Cir. 1988) (noting that the same statute of limitations applies to both <u>Bivens</u> and § 1983 claims). New Jersey's statute of limitations for personal injury causes of action is two years. N.J. Stat. Ann. § 2A:14-2.

A <u>Bivens</u> claim accrues when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action. <u>Sameric Corp. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998).

In this case, Plaintiff explains that the Drug Enforcement Administration ("DEA") and certain unknown agents seized

7

Plaintiff's property during his arrest, which occurred on January 25, 2007.  However, Plaintiff did not file the instant action until September 8, 2013, more than six years after the seizure.  Additionally, the filing of this Complaint came nearly five years after Plaintiff had been convicted, sentenced and judgment had been entered against him, on October 17, 2008. United States v. Vallejo, Crim. No. 07-145 (D.N.J. Sept. 4, 2013) ECF No. 159.  Thus, the instant action was commenced long after the two-year statute of limitations for a Bivens claim had expired and Plaintiff has not offered any reason why the statute of limitations should be tolled.[2]  Accordingly, Plaintiff is barred by the statute of limitations from pursuing his Fourth and Fifth Amendment claims based on the property seizure that occurred during his arrest.  His claims pursuant to Bivens are dismissed.

   B. FTCA

   Plaintiff also asserts a cause of action against the United States under the Federal Tort Claims Act ("FTCA").  The United States has sovereign immunity except where it consents to be sued. United States v. Bormes, 133 S. Ct. 12, 16, 184 L. Ed. 2d

---

[2] The Court notes that Plaintiff filed a motion in the underlying criminal case, United States v. Vallejo, Crim. No. 07-154 (NLH) (D.N.J.), on May 6, 2013 in which he contested the forfeiture of this property.  However, that motion was also filed more than four years after the criminal case had been closed and over six years after the seizure occurred.

317 (2012); United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). In the absence of such a waiver of immunity, a plaintiff cannot proceed in an action for damages against the United States. See FDIC v. Meyer, 510 U.S. 471, 484-87, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671, et seq., however, constitutes a limited waiver of the sovereign immunity of the United States. 28 U.S.C. § 2679(b)(1); White-Squire v. United States Postal Service, 592 F.3d 453, 456 (3d Cir. 2010).

1. PREREQUISITE TO FILING FTCA CLAIM

Under the FTCA, a plaintiff may not bring suit against the United States "for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). "In other words, it is a jurisdictional prerequisite to a suit under the FTCA that a plaintiff have exhausted all administrative remedies." Castillo-Perez v. City of Elizabeth, No. 11-6958, 2014 WL 1614845, at *14 (D.N.J. Apr. 21, 2014) (citations omitted); see also Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009) (finding that to make a claim under the FTCA, a claimant first must file the claim with the administrative agency allegedly responsible for the

injuries) (citations omitted); Mendez v. United States, No. 05-1716, 2007 WL 1652267, at *1 (D.N.J. June 4, 2007) ("The FTCA waives the federal government's immunity from suit for certain tort claims as long as a claimant follows proper claim procedures.").

In this case, Plaintiff does not allege that he previously filed a claim regarding the return of his property with the DEA. Moreover, a footnote in the Order Plaintiff attaches to his Complaint suggests that Plaintiff has not initiated any administrative action with the DEA for return of the property. (Compl. 9, ECF No. 1); United States v. Vallejo, Crim. No. 07-145 (D.N.J. Sept. 4, 2013) ECF No. 203 at n.2 ("The Court expresses no opinion as to whether or not such an administrative appeal is required or is time-barred.").

Because Plaintiff has failed to allege that he previously filed a claim with the administrative agency responsible for his injuries, this Court lacks jurisdiction to consider his claims under the FTCA. See e.g. Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971) (cited in Castillo-Perez, No. 11-6958, 2014 WL 1614845, at *14); Berenato v. United States, No. 06-4355, 2007 WL 2990626, at *2 (D.N.J. Oct. 9, 2007) ("The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated

10

prematurely.") (citations omitted); Bieregu v. Ashcroft, 259 F. Supp. 2d 342, 354-55 (D.N.J. 2003) (noting at PLRA screening stage that a district court lacks jurisdiction over an FTCA claim until the claimant has exhausted administrative remedies) (citing McNeil v. United States, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995)).

Accordingly, Plaintiff's claims pursuant to the FTCA will be dismissed without prejudice because Plaintiff has not met the jurisdictional requirement under 28 U.S.C. § 2675(a). See Durham v. Tempas, No. 07-2057, 2007 WL 4226067, at *4 (D.N.J. Nov. 26, 2007); see also Bialowas, 443 F.2d at 1049 (holding that presentation of the claim to the appropriate federal agency and a final denial by that agency as a jurisdictional prerequisite to suit under the FTCA).

2. STATUTE OF LIMITATIONS

A plaintiff's claim under the FTCA must also comply with the applicable statute of limitations.  Under federal law, tort actions against the United States must be:

> [P]resented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

11

In the present case, Plaintiff contends that his property was illegally seized at the time of his arrest. (Compl. 5, ECF No. 1). Plaintiff further acknowledges in the Complaint that the property in question was administratively forfeited. (Compl. 4, 5, ECF No. 1). The Order which Plaintiff attaches to his Complaint clarifies that the items in question were forfeited under Administrative Case Number CX-5-009. The Declarations of Forfeiture filed in that case reveal that the forfeiture proceedings concluded in May, 2007.[3] See Oshiver, 38 F.3d at 1385 n. 2 (holding that, in addition to the complaint, courts may consider matters of which a court may take judicial notice under the PLRA screening provisions).

"A United States District Court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint and/or from matters of which judicial notice may be

---

[3] The Declarations of Forfeiture which the government submitted in opposition to Plaintiff's motion in the underlying criminal case reveal that the items which are the subject of this Complaint were forfeited in May, 2007. Specifically, the 2006 Harley Davidson motorcycle was forfeited on May 16, 2007, Resp. in Opp'n, Defs.' Ex. 39 at 8, United States v. Vallejo, Crim. No. 07-154 (D.N.J. July 17, 2013), ECF No. 200-7; the $160,000 was forfeited on May 22, 2007, Resp. in Opp'n, Defs.' Ex. 11 at 1, United States v. Vallejo, Crim. No. 07-154 (D.N.J. July 17, 2013), ECF No. 200-4; and the 2000 Harley Davidson motorcycle was forfeited on May 22, 2007 Resp. in Opp'n, Defs.' Ex. 25 at 8, United States v. Vallejo, Crim. No. 07-154 (D.N.J. July 17, 2013), ECF No. 200-5.

had." Barren v. Allegheny Cnty., Pa., No. CIV.A. 14-692, 2014 WL 4384598, at *7 (W.D. Pa. Sept. 4, 2014) aff'd sub nom. Barren v. Allegheny Cnty. Pennsylvania, No. 14-3994, 2015 WL 3644458 (3d Cir. June 12, 2015) (citing Mumma v. High-Spec, 400 F. App'x 629, 631 n. 1 (3d Cir. 2010); Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F. App'x 726 (9th Cir. 2001)).

As discussed above, Plaintiff did not file the instant action until September of 2013, which is more than six years after his arrest and — according to the Declarations of Forfeiture submitted in the underlying criminal action — more than six years after the forfeiture of the property in question. Thus, it appears from the face of the Complaint and from matters of which judicial notice may be taken, that Plaintiff failed to commence his lawsuit within the two year applicable statute of limitations.

The Supreme Court has held that the FTCA's statute of limitation, 28 U.S.C. § 2401(b), is a procedural, and not a jurisdictional, time bar. See United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1633, 191 L. Ed. 2d 533 (2015). Nevertheless, Petitioner in this case has not provided any reason for equitable tolling. Accordingly, it appears that Plaintiff's claim is time barred and is subject to dismissal on this basis.

13

## IV.  CONCLUSION

For the foregoing reasons, the Court is without jurisdiction to consider the claims and the Complaint will be dismissed.  However, because it is conceivable that Plaintiff may plead facts sufficient to satisfy the jurisdictional and timing defects discussed above, see Kwai Fun Wong, 135 S.Ct. 1625, the dismissal is without prejudice and the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed amended complaint.[4]  See Denton, 504 U.S. 25; Grayson, 293 F.3d 103.

                                                 __s/ Noel L. Hillman_____
                                                 NOEL L. HILLMAN
                                                 United States District Judge

Dated: August 6, 2015
At Camden, New Jersey

---

[4] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.

14