UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CARLOS VALLEJO,                     :
                                    :
        Plaintiff,                  :   Civ. No. 13-5455 (NLH)
                                    :
    v.                              :   MEMORANDUM OPINION
                                    :
UNITED STATES OF AMERICA,           :
et al.,                             :
                                    :
        Defendants.                 :
_____ :

IT APPEARING THAT:

1. This matter comes before the Court upon a civil rights complaint filed by Plaintiff Carlos Vallejo ("Plaintiff").

2. Plaintiff filed the initial Complaint in this matter on September 8, 2013, alleging claims pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671, et seq., based on the Drug Enforcement Administration's seizure of Plaintiff's property during his arrest on January 25, 2007.[1]

3. Pursuant to 28 U.S.C. §§ 1915, 1915A, the Court conducted its sua sponte screening of the Complaint and

---

[1] The Court notes the recent decision of Ziglar v. Abbasi, in which the Supreme Court discussed the limited scope of Bivens actions. 137 S. Ct. 1843 (2017). At this time, when Plaintiff has not shown that he is entitled to equitable tolling, the Court assumes without deciding that his Bivens claims remain viable in the light of Ziglar.

dismissed all claims as time barred. (ECF Nos. 6, 7.) The dismissal was without prejudice and the Court allowed Plaintiff to file an amended complaint within 30 days if he could establish grounds for tolling. (Id.)

4. A year and a half later, Plaintiff filed the instant motion seeking permission to file an amended complaint.[2] (Mot., ECF No. 8.)

5. In his proposed Amended Complaint, Plaintiff raises only a Bivens claim and addresses the issue of equitable tolling, albeit using the standard for tolling of the one year statute of limitations period for habeas petitions set forth by the Antiterrorism and Effective Death Penalty Act of 1996. (Id. at 11-13.)

6. As applicable in this case,

> [e]quitable tolling…is "a rare remedy to be applied in unusual circumstances." Wallace v. Kato, 549 U.S. 384, 396 (2007). "It is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" Omar v. Blackman, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting Santos ex rel Beato v. United States, 559 F.3d 189, 197 (3d

---

[2] Plaintiff's Motion also includes references to relief under Federal Rule of Civil Procedure 60(b)(6). However, it appears that the "relief" he is seeking under that Rule is just permission to file an amended complaint with an equitable tolling argument.

> Cir. 2009)). "To obtain the benefit of
> equitable tolling, a party also must show that
> 'she exercised due diligence in pursuing and
> preserving her claim.'" Id. (quoting Santos,
> 559 F.3d at 197).

Ricketts v. Weehawken Police Dep't, No. 16-4846, 2017 WL 66385, at *3 (D.N.J. Jan. 6, 2017).

7. With regard to tolling, Plaintiff argues that he

> has been routinely up on the developments of
> his property return. For starters, he filed
> a letter back during his criminal case to the
> judge, indicating that his counsel was failing
> to perform his duties in a required manner.
> Moreover, after his counsel misled him and
> failed to file the return of property motion,
> and having received no information, plaintiff
> filed his own pro se complaint for its return,
> doing the best that he could without any law
> knowledge at all. Meanwhile throughout all of
> this, plaintiff was also working upon a 2255
> Habeas petition, of which this court has
> perused over and an evidentiary hearing is
> pending for this habeas. Thus, plaintiff has
> been juggling many issues at the same time. It
> just so happens that the legal counsel
> malfeasance discussed herein, is similar to []
> that of the §2255 petition.

(Mot. 12.)

8. At this juncture, the Court finds that Plaintiff has not alleged facts sufficient to justify equitable tolling. Though he states that counsel misled him and failed to file the motion as requested, he provides no specific information. It is unclear when counsel informed him he filed the motion; when and how Plaintiff followed up with counsel about the motion; when he

learned that counsel had not filed the motion, etc.  With such limited information, the Court is unable to determine whether Plaintiff acted diligently and whether he was in some extraordinary way prevented from asserting his rights.  <u>Santos</u>, 559 F.3d at 197.

    9.   Because Plaintiff is proceed pro se, the Court will permit Plaintiff one final opportunity to show that he is entitled to equitable tolling, as discussed in this Memorandum Opinion.

    10.   An appropriate order follows.


Dated: <u>September 18, 2017</u>      <u>s/ Noel L. Hillman</u>
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.